[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONFOR SUMMARY JUDGMENT (DOCKET ENTRY No. 103)
The plaintiff, Lana M. Pryde, filed a four-count complaint against the defendant, Varian Associates, Inc. (Varian) on March 3, 1997. The plaintiff alleges that pursuant to an oral agreement, she was formerly employed by Varian from approximately September 6, 1988 through October 12, 1990. As part of her employment, the plaintiff was to be reimbursed for all reasonable out of pocket business related expenses incurred during the course of employment. Between June 9, 1989 and October 12, 1990, the plaintiff incurred expenses totaling $17,838.13, which were recorded on commercial expense forms prescribed by Varian. The CT Page 1472 plaintiff submitted these expense reports on September 25, 1996, and Varian refused to pay the expenses by a letter dated November 5, 1996. The plaintiff has brought causes of action for breach of contract in count one, breach of the implied covenant of good faith and fair dealing in count two, promissory estoppel in count three, and unjust enrichment in count four. Varian filed an answer and special defenses of statute of limitations and laches on April 23, 1997.
Varian filed a motion for summary judgment on December 1, 1997, on the grounds that the plaintiff failed to file her expense reports in a timely manner as agreed to by the parties, and that the late filing of the reports has prejudiced Varian's ability to verify and validate the claimed expenses.[1] The plaintiff filed an opposition memorandum on December 11, 1997, and Varian filed a response memorandum dated January 19, 1998. The matter was heard by the court on January 20, 1998.
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Thompson Peck, Inc. v. Division Drywall, Inc.,241 Conn. 370, 374, 696 A.2d 326 (1997).
Varian argues that the plaintiff failed to fulfill a condition precedent that she submit her expense reports in a timely manner, and is therefore not entitled to reimbursement for the expenses. Varian argues that since the plaintiff has admitted that she failed to file the expense reports in a timely manner, and failed to follow the proper procedures for filing the reports in a timely manner with her immediate supervisor, Varian has been discharged of its obligation since the condition precedent — the timely filing of the reports — can no longer be satisfied. Varian also argues that the plaintiff's claim is barred by the doctrine of laches, as the plaintiff has waited over six years from the date she incurred the expenses to seek reimbursement CT Page 1473 from Varian. Varian argues that this unjustified delay has precluded Varian from validating the expenses and determining whether they are business related, and whether they have been made in accordance with Varian's policies then in effect.
The plaintiff argues that Varian never gave the plaintiff any official directive to file timely expense reports. Therefore, there was no condition precedent of timeliness to be met for the plaintiff to be reimbursed for the expenses. The plaintiff also argues that her claims are not barred by the doctrine of laches. The plaintiff argues that it is the delay in bringing suit, and not the delay in filing the expense reports, which is relevant for the application of laches. The plaintiff argues that the present suit was brought four months after Varian refused to reimburse the plaintiff, and that four months is not an unreasonable delay in bringing suit. The plaintiff also argues that Varian has failed to demonstrate the required level of prejudice to raise the doctrine of laches as a defense. The plaintiff argues that it was customary for the expense reports to be reviewed only for mathematical accuracy, rather than making full investigation into the claims, and therefore the delay in filing the reports would create no prejudice for Varian to verify the reports.
Varian responds by arguing that the doctrine of laches is applicable where a party delays not only in bringing a legal action, but also more generally when a party delays in asserting his or her rights. Varian also argues that the delay in asserting a right is not measured solely from the date suit is commenced, but rather from the date the claimant knew of the right, and thus should have taken action. Varian further argues that the late submission of the reports by the plaintiff and the ensuing passage of time has prejudiced Varian, as Varian cannot determine whether it is in possession of all the pertinent policies regarding the submission of expense reports in effect during the plaintiff's employment.
A condition precedent
 "is a fact or event which the parties intend must exist or take place before there is a right to performance . . . A condition is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor . . . . If the condition is not fulfilled, the right to CT Page 1474 enforce the contract does not come into existence . . . ." Sicaras v. Hartford, 44 Conn. App. 771, 780, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340
(1997).
Whether a provision in a contract is a condition the nonfulfillment of which excuses performance depends upon the intent of the parties. DeCarlo Doll, Inc. v. Dilozir,45 Conn. App. 633, 648, 698 A.2d 318 (1997) (Heiman, J., dissenting). Ordinarily the question of contract interpretation; i.e., the intent of the parties; is a question of fact. Id., 638.
Consequently, whether a condition precedent of timely submission of expense reports existed is a disputed question of fact. Varian has submitted the affidavit of Marty Marek, an employee of Varian who acted as the plaintiff's supervisor. Marek states that he discussed Varian's policies and procedures for the reimbursement of valid business expenses, and that he informed the plaintiff that "expense reports were to be submitted on a monthly basis" (Motion For Summary Judgment, Exhibit B). The plaintiff has submitted her own affidavit, in which she states that she was never informed by her superiors that in order to be reimbursed for business related expenses, she had to submit claims forms within a particular time as a condition precedent to being entitled to reimbursement. (Affidavit, Lana M. Pryde).
Therefore, even if there was no dispute as to the existence of the underlying condition precedent, an issue of fact still remains as to what the parties intended to constitute a reasonable length of time before the condition precedent would lapse. Our Supreme Court has held that in the absence of a specified time limit to comply with a condition precedent, the law implies a reasonable time and what is a reasonable length of time is ordinarily a question of fact for the trier. Miceli v.Helver, 40 Conn. App. 336, 350, 671 A.2d 826 (Schaller, J., dissenting), cert. denied, 237 Conn. 920, 676 A.2d 1375 (1996). Here, there is evidence that shows that Varian paid the plaintiff's expenses after she had accumulated over a year's expenses without making a submission. (Motion For Summary Judgment, Exhibit A, pp. 40, 45). In addition, the plaintiff testified that some expenses could not be filed more frequently than every two to three months. (Motion For Summary Judgment, Exhibit A, p. 41). Therefore, an additional question of fact remains in dispute as to what the parties considered to be a reasonable length of time in which the plaintiff should file CT Page 1475 expense reports.
The defense of laches has application only when there is established unreasonable, inexcusable, and prejudicial delay in bringing suit. See Cummings v. Tripp, 204 Conn. 67, 88,527 A.2d 230 (1987). The defense is comprised of two elements: (1) a delay that was inexcusable, and (2) a delay that prejudiced the defendant. The burden is on the party alleging laches to establish the defense. Whether a plaintiff has been guilty of laches is an issue of fact for the trier. Castonguay v. Plourde,46 Conn. App. 251, 265, 699 A.2d 226, cert. denied,243 Conn. 931, ___ A.2d ___ (1997).
Therefore, whether the plaintiff's delay in bringing her suit on March 3, 1997, approximately four months after Varian's refusal to reimburse the plaintiff on November 5, 1996, is inexcusable and has prejudiced Varian is a question to be resolved by the trier of fact.
An issue of fact remains in dispute as to the existence of a condition precedent. In addition, assuming there was a condition precedent, an issue of fact is in dispute as to the parties' understanding of what constituted timely filing in connection with that condition precedent. Finally, a further issue of fact remains in dispute as to whether the defendant may succeed on a special defense of laches.
Accordingly, defendant's motion for summary judgment is hereby denied.
MELVILLE, J.